**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Wayne and Jane Jensen, | ) | No. 05-4213-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Thor California, Inc., | ) | |
| Defendant. | ) | |

      This is the time set for the Rule 16(b), FED.R.CIV.P. Scheduling Conference. Plaintiffs Wayne and Jane Jensen are represented by counsel, Hyung S. Choi. Defendant Thor California, Inc. is represented by counsel, Kerry M. Griggs. Court reporter is not present.

      All parties have heretofore consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 11)  The Court informs counsel that since the judge's bench at the historic federal courthouse in Prescott is inaccessible for a judge who uses a wheelchair, the Court is inclined to transfer the trial and all further matters in this case to the Sandra Day O'Connor U.S. Courthouse in Phoenix pursuant to its discretion in 28 U.S.C. 1404(c). Like Nevada and Alaska, Arizona does not have official, statutory divisions within the District of Arizona. United States v. Rybachek, 643 F.Supp. 1086 (D. Alaska, 1986); El Ranco, Inc. v. First National Bank, 406 F.2d 1205 (9th Cir.1969), cert. denied, 396 U.S. 875 (1969); 28 U.S.C. § 1404(c). The Court also informally advises counsel that a relative, Ralph

1  Hunsaker, is employed as an attorney by defense counsel's law firm. All counsel have no
2  objection to the case being transferred to Phoenix or the undersigned remaining as the
3  assigned trial judge.

4  Pursuant to the parties' discussions with the Court today and their stipulations in
5  their Rule 26(f) Joint Scheduling Conference Report (docket # 18), filed on April 24, 2006,
6  as their proposed case management plan, the Court will set the various deadlines for the
7  judicial management of this case.

8  **IT IS ORDERED** that the parties, by and through their counsel, shall comply with
9  the following deadlines. Stipulations extending the time for the doing of any act required by
10  the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court
11  approval. See, LRCiv. 7.3; Gestetner Corp. v. Case Equipment Company, 108 F.R.D. 138 (D.
12  Maine 1985)(good cause not shown to amend scheduling order); Janicki Logging Co. v.
13  Mateer, 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken
14  seriously"). Continuances of these deadlines may be granted only upon a showing of good
15  cause and by leave of the assigned trial judge. Settlement negotiations, however, do not
16  constitute good cause.

17  1. The parties confirm that their Rule 26 initial disclosures were exchanged on
18  February 24, 2006 and no party has any objection to the inadequacy of the disclosure.

19  2. Filing motions to amend pleadings and motions to join additional parties by
20  **October 14, 2006.**[1]

21

---

[1] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In Coleman v. Quaker Oats Company, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

1  2. Because the Court believes that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines, Plaintiffs' disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P. shall be made by **August 14, 2006.** Defendant's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **September 14, 2006.** Plaintiffs' disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by **October 13, 2006**.

Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert is an employee of the calling party) shall provide a written report to the adverse party as required by Rule 26(a)(2)(B). See, Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd., 177 F.R.D. 459 (D. Minn. 1998).

No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. See, Wong v. Regents of the University of California, 379 F.3d. 1097 (9th Cir., 2004); Rule 37(c)(1), FED.R.CIV.P.

3. Disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P. by **November 15, 2006**.

4. Completion of all discovery: **January 5, 2007**.

5. Filing dispositive motions on or before **January 31, 2007**.

Pursuant to stipulation and good cause appearing,

Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P., and the District Court of Arizona's adoption of rules regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be obtained on the other party by delivering a copy of the document by

- 3 -

1  electronic means. Service by electronic means is complete upon transmission. The parties also
2  advise the Court that counsel are registered and will comply with the District Court's Case
3  Management/Electronic Case Filing ("CM/ECF") Administrative Policies and Procedures
4  Manual. See the District Court's internet site (www.azd.uscourts.gov) and click onto the
5  CM/ECF link for the details of the District Court's electronic filing system.

6  Counsel are hereby advised that the Court has various audio/visual equipment
7  available for use at an evidentiary hearing or trial at no cost to the Bar.  This equipment
8  includes an evidence presentation system, which consists of a document camera, digital
9  projector, and screen.  The projector may be used to display images which originate from a
10  variety of sources, including television, VCR, and personal computer.  The document
11  camera may be used to display documents, photographs, charts, transparencies, and small
12  objects.  For further information please contact the Court's A/V Specialist, Brian Lalley at
13  (602) 322-7131.

14  **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b)
15  Scheduling Conference after the Court's ruling on all dispositive motions; after completion
16  of all discovery, if no dispositive motion is timely filed; or upon written request from any
17  party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and
18  times of trial, motions in limine, Daubert hearings, etc.  Counsel shall bring their calendars
19  with them to this conference.

20  **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
21  the possibility of settlement and should settlement be reached, the parties shall immediately
22  file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers.
23  See, LRCiv 40.2(d).  This Court views compliance with the provisions of this Order as
24  critical to its case management responsibilities and the responsibilities of the parties under
25  Rule 1 of the Federal Rules of Civil Procedure.

26  **IT IS FURTHER ORDERED** that all counsel shall comply with the Rules of
27  Practice for the United States District Court for the District of Arizona ("LRCiv or
28  LRCrim"), as amended on December 1, 2004, and the Standards for Professional Conduct

1 for attorneys practicing in this federal court.  The District Court's Rules of Practice and the
2 subject Standards may be found on the District Court's internet web page at
3 www.azd.uscourts.gov/.
4       The parties are advised that when sufficient information has been disclosed
5 between the parties to fairly appreciate and evaluate the strengths and weaknesses of the
6 claims and defenses alleged in this case, a settlement conference before another U.S.
7 magistrate judge may be requested. Delay in requesting, scheduling or concluding a
8 settlement conference or settlement negotiations do not constitute good cause to continue or
9 extend the deadlines set herein.
10       **IT IS FURTHER ORDERED** transferring this case to Phoenix for trial and all
11 further matters. Counsel shall use the above-captioned case number on all future pleadings.
12       DATED this 1st day of May, 2006.

                                  Lawrence O. Anderson
                                  United States Magistrate Judge